Filed 12/12/23  P. v. Yin CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>SARITH YIN,<br><br>　　Defendant and Appellant. | G061774<br><br>(Super. Ct. No. 11CF2822)<br><br>O P I N I O N |

　　　　　Appeal from a judgment of the Superior Court of Orange County, Kimberly Menninger, Judge.  Reversed and remanded.

　　　　　Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Donald W. Ostertag, Deputy Attorneys General, for Plaintiff and Respondent.

　　　　　　　　*　　　　　*　　　　　*

The parties agree that changes to Penal Code[1] section 186.22 enacted by Assembly Bill No. 333 (Stats. 2021, ch. 699, §§ 1-4, eff. Jan. 1, 2022 (AB 333)); see *People v. E.H.* (2022) 75 Cal.App.5th 467 (*E.H.*)) require reversal after a jury convicted Sarith Yin of murder for the benefit of a criminal street gang, and also found certain gang allegations to be true, including on related counts. The parties further agree that, on remand, the prosecutor may retry Yin on the gang murder offense and all gang-related allegations. We accept the parties' stipulation to reverse and remand because Yin's murder conviction was vacated under *People v. Chiu* (2014) 59 Cal.4th 155 (*Chiu*) after habeas review in this court, and thus the criminal proceedings against him were not yet final at the time AB 333 took effect. Yin was therefore entitled to any benefit arising from the statute (see *In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*)) while the matter was pending for retrial and resentencing after habeas relief. This period extended to and included the trial court's decision to reenter Yin's murder conviction upon his guilty plea. We therefore reverse the judgment which denied him the benefits of AB 333, and remand for further proceedings, including retrial at the prosecutor's election on all gang-related allegations against Yin.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2012, a jury convicted Yin of murder for the benefit of a criminal street gang (count 1; Pen. Code, §§ 187, subd. (a), 190.2, subd. (a)(22)), active participation in a criminal street gang (count 2; § 186.22, subd. (a)), and, as a felon, prohibited possession of a firearm (count 3; former § 12021, subd. (a)(1)). The jury found two gang-related enhancements applied to count 1, in particular that Yin vicariously discharged a firearm causing death (§ 12022.53, subds.(d), (e)(1) [gang-benefit required]) and that he committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).

---

[1] All further statutory references are to the Penal Code.

The jury also found the gang-benefit enhancement applied to his firearm possession in count 3.

In a bifurcated proceeding, the trial court found Yin suffered a prior serious felony conviction (§ 667, subd. (a)(1)) and a prior strike conviction (§§ 667, subds. (d), (e)(1); 1170.12, subds. (b), (c)(1)). As pertinent here, the court sentenced Yin to life in prison without the possibility of parole for the special circumstances gang murder conviction in count 1, plus consecutive terms of 25 years to life for the gang-related vicarious firearm discharge enhancement on that count and five years on the prior serious felony conviction (§ 667, subd. (a)(1)) that the court found to be true.

In 2013, this court affirmed Yin's conviction on direct appeal. (*People v. Yin* (July 17, 2013, G046831) [nonpub. opn.] (*Yin I*).)

In 2018, Yin successfully challenged in a habeas corpus proceeding in this court the trial court's entry of judgment on the jury's verdict. (*People v. Yin* (Feb. 28, 2019, G056336) [nonpub. opn.] (*Yin II*).) "The petition is granted. Yin's first degree murder conviction is vacated and, on remand, the prosecution may either accept a second degree murder conviction or retry Yin for first degree murder with proper jury instructions." (*Ibid.*)

On remand, as explained in respondent's brief, "[t]he prosecution initially elected to retry [Yin] for first-degree murder, and pretrial proceedings ensued," but in February 2021, "following various delays largely due to COVID 19—the prosecution elected to accept a reduction to second-degree murder . . . ." At the prosecutor's request, the trial court dismissed the gang-murder special circumstance allegation.

Yin pleaded guilty to the reduced charge but filed a motion to dismiss "all the gang related charges and enhancements," contending they "no longer have evidentiary support" under current law with the enactment of AB 333. The trial court denied the motion. The court concluded that "re-litigation of guilt is not warranted unless the People had chosen to go forward on the first degree [murder charge]." Had the

3

prosecutor done so, the court allowed "that [Assembly Bill No.] 333 might be working because you didn't have a final outcome, but by choosing the second degree murder conviction as a remedy to the habeas grant[], the case was final. Nothing was disturbed."

The trial court proceeded to resentencing, imposing an indeterminate term consisting of 15 years to life for second degree murder and 25 years to life for the vicarious firearm enhancement. The court stated, "the remaining sentences for the remaining counts and enhancements all remain in full force and effect," but granted the prosecutor's request to dismiss its prior strike finding (§ 667, subd. (a)(1)) based on "recent case law" holding that "the People at sentencing have the burden to prove that that is valid still . . . ."

## DISCUSSION

"[W]hen a change in law reduces the punishment for a crime, defendants with nonfinal judgments are entitled to those 'ameliorative benefits.'" (*E.H.*, *supra*, 75 Cal.App.5th at p. 478.) This principle, known as the *Estrada* "presumption" or "retroactivity rule" (*People v. Padilla* (2022) 13 Cal.5th 152, 158 (Padilla)) applies both to amendments to substantive crimes (e.g., *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 307-308) and equally "when an enhancement has been amended to redefine to an appellant's benefit the conduct subject to the enhancement." (*People v. Lopez* (2021) 73 Cal.App.5th 327, 344 (*Lopez*).) Effective January 1, 2022, AB 333 modified section 186.22 in a manner that applies retroactively because it "increases the threshold for" conviction of an offense under the gang statute and similarly for imposition of a gang enhancement. (*Lopez*, at p. 344; accord, *E.H.*, at pp. 477-478 [noting changes to what constitutes a gang's "benefit" from an offense for an enhancement to apply and to the requisite '"pattern of criminal gang activity"' for a gang offense].)

4

The Supreme Court recently explained that relief obtained on habeas corpus may "interrupt[]" a judgment's finality so that *Estrada* applies. (*Padilla*, *supra*, 13 Cal.5th 158, 164.) "A case is final when 'the criminal proceeding as a whole' has ended [citation] and 'the courts can no longer provide a remedy to a defendant on direct review.'" (*Id.* at p. 161.) In *Padilla*, the high court held that when the Court of Appeal vacated the defendant's sentence on collateral review, "the trial court regained the jurisdiction and duty to consider what punishment was appropriate for him, and Padilla regained the right to appeal whatever new sentence was imposed." (*Id.* at pp. 161-162.) In other words, the judgment against the defendant "became nonfinal" and "remain[ed] nonfinal . . . because the Court of Appeal ordered a second resentencing, from which the Attorney General now appeals." (*Id.* at p. 162.)

*Padilla* applies "[w]hen a habeas corpus court vacates a prior judgment and *orders a new trial* or new sentencing hearing" (italics added), in which case "the prior judgment—now ineffective—can no longer be a final one." (*Padilla*, *supra*, 13 Cal.5th at p. 164; see also *People v. Salgado* (2022) 82 Cal.App.5th 376, 380.) Respondent makes no argument that the formerly final judgment after our direct review in *Yin I* remained final when Yin gained habeas relief in *Yin II* for *Chiu* error—resulting in the opportunity for a retrial at the prosecutor's election. We perceive no reason on this record why *Padilla* would not apply; indeed, the Attorney General concedes it does.

The trial court's conclusion that particular gang-related findings on gang allegations against Yin remained intact notwithstanding the habeas outcome contravenes the principle that the *Estrada* rule extends both to substantive offenses and enhancements. (E.g., *Lopez*, *supra*, 73 Cal.App.5th at p. 344.) While the court seems to have reasoned that the gang allegations regained finality once the prosecutor declined "to go forward on the first degree" murder charge, that conclusion is inconsistent with the fact that both *Estrada* and *Padilla* apply to resentencing hearings after habeas relief.

5

## DISPOSITION

The judgment is reversed; Yin's sentence is vacated, and the matter is remanded for further proceedings consistent with this opinion, including retrial of the gang allegations against Yin at the prosecutor's discretion.


GOETHALS, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.